ROBB, Judge,
concurring in result.
I respectfully concur in the result reached by the majority. I, too, agree that the Wests’ claims do not fall within the MMA and therefore the trial court properly granted summary judgment to the Wests and PCF. However, I would arrive at that conclusion by a slightly different path.
Unlike the majority, I believe both negligent acts alleged by the Wests could fall within the MMA. The filing of the message slip showing the change in Michael’s prescription and accompanying advisements was integral to the exercise of Dr. M’s medical judgment in advising Michael that he was cleared to return to work with no restrictions. Further, I would not say the allegations that Nurse P failed to warn Michael are “at the periphery of medical malpractice” or only “potentially call[ ] into question the degree of skill exercised by Michael’s health care provider.” Op. at 728-29 (quoting Eads, 932 N.E.2d at 1244). Regardless of her official title or professional certification, she was acting as a surrogate or conduit for medical advice and was therefore providing health care to Michael.
However, I do not believe it is necessary to decide whether these acts sound in medical negligence. Even if we assume the failure to file the message slip and failure to warn claims fall within the MMA, the dispositive question is whether the MMA covers claims by a third party independent of the two people engaged in the medical give and take. I, like the majority, believe Gahl is instructive in answering this question. In Gahl, the claimant was the estate of a third party who was riot warned by medical providers of the patient’s dangerous propensities. The patient himself had no claim based on the appropriateness of his care, nor did anyone whose claim would have been derivative of the patient’s. The third party in Gahl alleged the medical providers’ negligence was a direct failure to warn him and yet we held he was not a patient asserting a claim governed by the MMA. Here, the Wests are a completely independent third party alleging a failure to warn the patient caused their injury. The relationship between the parties is even more distant in this case than it was in Gahl and lends further support to the conclusion that the Wests’ claims are not subject to the MMA.
As I ultimately agree with the majority that the Marion County trial court’s determination was correct, I concur in result.